People ex rel. Billinger v Harper (2021 NY Slip Op 05198)





People ex rel. Billinger v Harper


2021 NY Slip Op 05198


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


674 KAH 20-01256

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. MARVIN BILLINGER, PETITIONER-APPELLANT,
v
JOHN HARPER, SUPERINTENDENT, MOHAWK CORRECTIONAL FACILITY, AND ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS-RESPONDENTS. 






THE LEGAL AID SOCIETY, NEW YORK CITY (NATALIE REA OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Erin P. Gall, J.), entered August 6, 2020 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner appeals from a judgment denying his petition for a writ of habeas corpus. Because petitioner concedes that he has been released to parole supervision, the appeal has been rendered moot (see People ex rel Bush v Awopetu, 187 AD3d 1580, 1580 [4th Dept 2020], lv denied 36 NY3d 906 [2021]; People ex rel. Sabino v New York State Dept. of Corr. & Community Supervision, 178 AD3d 1446, 1447 [4th Dept 2019]), and the exception to the mootness doctrine does not apply in this case (see People ex rel. Stokes v New York State Div. of Parole, 144 AD3d 1550, 1551 [4th Dept 2016], lv denied 28 NY3d 915 [2017]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Although this Court has the power to convert the habeas corpus proceeding into a CPLR article 78 proceeding, we decline to do so under the circumstances here (see Stokes, 144 AD3d at 1551).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court